With one statement, contained in the last paragraph of the majority opinion, I can completely concur. We do, in fact, sit in judgment on the evidence in this case. The problem that confronts me is that I cannot find in that evidence support for the conclusion that in personam jurisdiction may be imposed upon British Steel Corporation by the Alabama courts.
It seems to me the majority opinion is premised upon an inference which in turn is employed to support successive inferences to arrive at the result reached by the majority. That result goes far beyond the permissible limits of due process and mistakenly and prematurely assumes the demise of all restrictions on the personal jurisdiction *Page 415 
of state courts: to paraphrase Justice Faulkner, dissenting inBryant v. Ceat S.p.A., 406 So.2d 376 at 380 (Ala. 1981), where he quotes from Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228,2 L.Ed.2d 1283 (1958).
As stated by petitioner in supplemental brief:
 "The principal distinctions between Ceat and the instant cases are that in Ceat the injury occurred in Alabama as did the sale of the alleged faulty product. Here, of course, the accident happened in South Carolina, a fact recognized by the Plaintiffs' Complaint. Additionally, here, the sale of the materials was made by the Georgia office of L.B. Foster Company, a wholesale distributor of steel, from its inventory and not as a result of an order placed with British Steel Corporation, Inc. (Houston) for the specific construction project.
 "The marketing method in Ceat was significantly different from these cases. In addition to their U.S. company, Ceat Representative, the Italian company also had private brand contracts with three U.S. corporations who dealt directly with them in Italy. They delivered their tires directly to the wholesaler. The tire in question was presumably sold through one of these corporations, Duddy's, to David Tire Company in Birmingham, Alabama, and ultimately purchased by the plaintiff in Priceville, Alabama. Here, not only does BSC market its steel by a different method, but this method has been tested against the constitutional requirements for in personam jurisdiction and jurisdiction was denied. Kramer Motors v. British Leyland, Ltd., 628 F.2d 1175
(9th Cir. 1980).
 "This Court in Ceat recognized three important facts to support its jurisdictional conclusion: the injury occurred in Alabama, the tire was purchased in Alabama, and the defendant regularly received financial benefit from Alabama by selling tires to David Tire Company. Here, the injury did not occur in Alabama, steel was not purchased in Alabama and the financial benefits factor is only indirectly applicable. BSC's conduct, if any, in Alabama consists only of invoicing steel to Houston at its designated port of entry. Although some of this steel may find its way to Alabama companies, it would stretch Ceat beyond its elastic limit to suggest that this mere possibility meets the foreseeability test of the due process clause."
Again quoting petitioner, we find the clear distinction made between the majority opinion in Ceat and this case:
 "By contrast, when this Court held that Ceat's conduct met the foreseeability criterion of due process, it did so by recognizing three important facts: occurrence of the injury in Alabama, occurrence of the sale in Alabama, and an organized effort by the defendant to service the Alabama wholesale tire market. Such is not the case here and it follows that the foreseeability test has failed.
 "But, the Plaintiffs contend that the third fact, sales in Alabama, will support in personam
jurisdiction over an unrelated cause of action. This contention has been specifically rejected by the Supreme Court in World-Wide Volkswagen v. Woodson, 444 U.S. 286 [100 S.Ct. 559, 62 L.Ed.2d 490] (1980). There, the cause of action occurred in Oklahoma, but the Supreme Court held that the defendant did not seek to serve the Oklahoma market and, hence, it was not foreseeable that it would be haled into court there. In this kind of case, the Supreme Court recognized a two-pronged test to determine foreseeability. It said that the defendant must seek to serve the market in the forum state and its product must there be the source of injury."
TORBERT, C.J., and FAULKNER, J., concur. *Page 416